IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )    Case No. CR-13-019-RAW
                                )
SAMMY WAYNE DAVIS,              )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

On March 18, 2013, this Court conducted a hearing on Defendant's Motion to Suppress Evidence filed on March 8, 2013 (Docket Entry #22). The Motion was referred to the undersigned by presiding United States District Judge Ronald A. White by Order entered March 11, 2013. Upon review of the briefing filed by the parties and consideration of the evidence presented at the hearing, this Court enters this Report and Recommendation.

On June 3, 2011, Josh Williams, then an agent with the District 17 Drug Task Force out of Hugo, Oklahoma, met with Robert Hargrove ("Hargrove") in the Choctaw County Jail. Agent Williams had received information that someone had been arrested and wanted to speak with the police about narcotics. Hargrove told Agent Williams that dope had messed up his life and he just wanted to help out the police. Agent Williams had not met with and did not know Hargrove prior to this meeting.

As a result of the meeting, Agent Williams authored an

Affidavit for Search Warrant which set forth the detailed description and the location of the residence of Defendant Sammy Davis. Defendant's residence was located in Choctaw County, Oklahoma. The Affidavit contained the following facts relevant to establishing probable cause stemming from the meeting with Hargrove:

> 4. On June 03, 2011 I, (sic) made contact with Robert Dale Hardgrove, Jr. (sic) in the Choctaw County Jail. I was advised by Hardgrove (sic) that within the last 48 hours he had been at the above described residence and bought methamphetamine from Sammy Davis.
>
> 5. I was also advised by Hardgrove (sic) that while at the above described residence, he saw Sammy Davis in possession of around 1/4 ounce of methamphetamine.
>
> 6. Hardgrove (sic) advised me he knows what methamphetamine looks like form (sic) prior use.

The Affidavit also contained information concerning Agent Williams' experience and training in law enforcement, generally, and narcotics investigations, specifically. Agent Williams admitted in the hearing that some of the "boilerplate" information contained in the Affidavit had been included and authored by other law enforcement.

Agent Williams testified that Hargrove did not request any assistance in exchanged for the information provided on Defendant, which he considered significant on the issue of the veracity of the information. In an effort to verify the information provided by

Hargrove, Agent Williams testified he and a deputy followed Hargrove's directions and drove to the residence, which matched Hargrove's description.

Although Agent Williams did not know Defendant prior to receiving information about him from Hargrove, other officers with whom Agent Williams communicated were aware of Defendant and his prior narcotics criminal activity. Agent Williams did not check the criminal history of either Hargrove or Defendant prior to presenting the Affidavit to a judicial officer. He did not conduct surveillance of Defendant's residence other than driving to its location as described by Hargrove.

Agent Williams admitted that he misspelled Hargrove's name in the Affidavit, referring to him as "Hardgrove." He also testified that he had participated in obtaining between 75 and 80 search warrants. Included in this number were some 9 affidavits for search warrants where Agent Williams inserted the name of an informant with whom he was not previously familiar. He stated a search warrant was issued in each instance.

After authoring the Affidavit, Agent Williams attempted to present the Affidavit to a state judge in Choctaw County, Oklahoma where Defendant's residence is located but was unable to do so. As a result, Agent Williams took presented his Affidavit to Associate District Judge Jana Wallace in Pushmataha County, Oklahoma, meeting her at the Antlers Police Department. Judge Wallace issued the

Search Warrant of Defendant's residence.

Upon service of the search warrant, law enforcement officers discovered digital scales, "dime" bags, and components of a methamphetamine lab. Additionally, a firearm was recovered from a kitchen cabinet.

On February 13, 2013, Defendant was indicted by the grand jury on the sole count of Felon in Possession of a Firearm. Subsequently on March 12, 2013, a superceding indictment was filed against Defendant alleging the offenses of Felon in Possession of a Firearm, Manufacture of Methamphetamine, Manufacture of Methamphetamine on Premises Where Children are Present or Reside, Possession with Intent to Distribute Methamphetamine, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Through his Motion, Defendant challenges the sufficiency of the Affidavit. Specifically, Defendant contends the Affidavit was devoid of facts to establish probable cause for the issuance of a search warrant to search his residence. Defendant asserts Agent Williams took no steps to established that the informant named in the Affidavit possessed the necessary credibility to rely upon the information he provided and that information which might bear upon the informant's credibility was not contained in the Affidavit for evaluation by the judicial officer issuing the search warrant.

The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause,

supported by Oath or affirmation." U.S. Const., amend IV. "A magistrate judge's task in determining whether probable cause exists to support a search warrant 'is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Artez, 389 F.3d 1106, 1111 (10th Cir. 2004) quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). A magistrate judge's decision to issue a warrant is entitled to "great deference." Id. (citations omitted). As a result, the subsequent inquiry for suppression purposes is whether, "under the totality of the circumstances presented in the affidavit, the magistrate judge had a "substantial basis" for determining that probable cause existed." Id. (citations omitted).

Defendant first challenges the wording of the Affidavit in that it states that Agent Williams made contact with Hargrove in the jail without revealing that Hargrove was being held in the jail for alleged criminal activity. It is apparent from a plain reading of the language employed in the Affidavit that Hargrove was held in jail at the time of the meeting with Agent Williams rather than merely choosing the jail as a place of meeting. Additionally, the fact Agent Williams misspelled Hargrove's name in the Affidavit might demonstrate carelessness in assuring he set forth the name

5

correctly but has little or no bearing upon whether the judicial officer possessed sufficient information upon which to base probable cause.

The meat of the Motion contends Agent Williams did not set out sufficient information concerning Hargrove's credibility and veracity for the judicial officer to be able to assess whether the information concerning Defendant's alleged criminal activity was believable and sufficient to establish probable cause. This Court agrees with the Government in the distinction drawn between a confidential or anonymous source and an identified and named source. The Tenth Circuit has acknowledged that "a lesser degree of corroboration of an informant's information is required when, as here, the informant is named in an affidavit, rather than if the informant is a confidential informant." United States v. Stout, 2011 WL 4782877, 7 (10th Cir.(Okla.)) citing United States v. Brown, 496 F.3d 1070, 1075 (10th Cir. 2007). The judicial officer was informed of the identity of the person providing the information, the fact he was "in the Choctaw County jail", his personal participation in the purchase of methamphetamine at Defendant's residence within a close proximity of the authorship of the Affidavit, and that he observed Defendant in possession of a specific quantity of additional methamphetamine. The judge was also presented with an experienced narcotics officer's opinion that additional contraband or evidence of criminal activity would be

found at the residence to be searched. United States v. Mathis, 357 F.3d 1200, 1204 (10th Cir. 2004).

Defendant's protestations to the contrary notwithstanding, this case does not involve the type of "bare bones affidavit" of which the United States Supreme Court warned in United States v. Leon, 468 U.S. 897, 923 n.24 (1984). A "bare bones affidavit" is one which "merely states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." United States v. Roach, 582 F.3d 1192, 1204-05 (10th Cir. 2009) quoting United States v. McPhearson, 469 F.3d 518, 526 (6th Cir. 2006). The personal knowledge of Hargrove takes the Affidavit in this case beyond that of a "bare bones affidavit." Moreover, the veracity of Hargrove's information is bolstered by the statements against penal interest he made in admitting he purchased methamphetamine from Defendant. United States v. Sporleder, 635 F.2d 809, 812 (10th Cir. 1980) citing United States v. Harris, 403 U.S. 573, 583-89 (1971). Given the totality of the circumstances presented, this Court cannot conclude that the Affidavit was devoid of factual support to establish probable cause. Because the Affidavit is sufficient, this Court will not address the alternative argument that it was presented in good faith under the Leon pronouncement.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant's Motion to Suppress Evidence filed on March 8, 2013

(Docket Entry #22) be **DENIED**.

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 20th day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE