**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-13-019-RAW |
| ) | |
| SAMMY WAYNE DAVIS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the objection of the defendant regarding the Report and Recommendation as to defendant's motion to suppress. The government has also filed a response and defendant a reply. The court has reviewed the record. The court concludes the thorough analysis of the Magistrate Judge should be affirmed.

The Tenth Circuit has held that omission of the confidential informant's criminal record was not material because the affidavit included information about his use and sales of cocaine. *United States v. Avery,* 295 F.3d 1158, 1167-68 (10th Cir.2002). Here, the affidavit reflects that the informant Hargrove was in jail and also that Hargrove had committed a criminal act. Moreover, Hargrove is named in the affidavit. *See United States v. Brown,* 496 F.3d 1070, 1075 (10th Cir.2007)(noting that "[a] known informant[] . . . may be held accountable if his allegations turn out to be fabricated")(quotations omitted); *United States v. Couch,* 367 F.3d 557, 560-61 (6th Cir.2004). *See also* 2 LaFave, Search and Seizure, §3.3(c)("It is fair to say, therefore, that there is much more reason to conclude that veracity

is shown when the informant comes forward as an affiant or when his identity is disclosed in the affidavit or upon the motion to suppress.") (footnotes omitted).

It is the order of the court that the motion of the defendant to suppress (#22) is hereby denied. The Report and Recommendation is adopted and affirmed.

**ORDERED THIS 23rd DAY OF APRIL, 2013.**

**Dated this 23rd day of April, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma