# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-13-019-RAW |
| | ) |
| SAMMY WAYNE DAVIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The court halted jury trial on May 8, 2013. There was discussion outside the presence of the jury as to whether a mistrial should be granted. The parties returned on May 9, 2013 and the government formally moved for a mistrial, which the court granted.

Before ruling, the court was aware that "[w]hen a mistrial has been declared, the Double Jeopardy Clause precludes a retrial of the defendant unless the defendant consented to the mistrial, or unless the mistrial was compelled by manifest necessity." *United States v. Crotwell,* 896 F.2d 437, 439 (10th Cir.1990). Here, the defendant did not consent.

The burden is on the prosecutor to demonstrate manifest necessity. *West v. Jordan,* 2009 WL 2902562 (10th Cir.)(citing *Arizona v. Washington,* 434 U.S. 497, 510 (1978)). For the reasons stated in open court, the court is persuaded the government met its burden. The court has broad discretion in this regard. *Walck v. Edmondson,* 472 F.3d 1227, 1236 (10th Cir.2007).* Moreover, "[d]ifferent trial situations are amenable to different degrees of

---

*The court has also taken into account the non-exhaustive list of factors mentioned in the *Walck* decision. *Id.* at 1236 n.5.

appellate scrutiny . . . [w]hen a mistrial is granted in response to an improper remark by defense counsel, the decision of the trial court [is] entitled to special deference." *Williams v. Bartow,* 481 F.3d 492, 500 (7th Cir.2007)(citing *Arizona v. Washington,* 434 U.S. at 510).

The court finds the objected-to question to be so prejudicial to the government's witness that an admonishment to the jury would not have cured it. In the colloquialism, the bell could not be "unrung." Defense counsel made an argument along the lines that the government was entitled to lesser consideration in this regard. The Supreme Court, however, states that "[n]either party has a right to have his case decided by a jury which may be tainted by bias." *Arizona v. Washington,* 434 U.S. at 516.

It is the order of the court that the motion of the government for mistrial is hereby granted.

**ORDERED THIS 9th DAY OF MAY, 2013.**


**Dated this 9th day of May, 2013.**

*[signature: Ronald A. White]*

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2